Filed 9/5/13  P. v. Pereira CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B245444 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA071260) |
| v. | |
| NATASHA JEAN PEREIRA, | |
| Defendant and Appellant. | |

THE COURT:[*]

Natasha Jean Pereira (Pereira) appeals from an order revoking her probation.  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) stating that there are no arguable issues.  On May 7, 2013, we notified Pereira of her counsel's brief and gave her leave to file, within 30 days, a brief or letter identifying arguments that we should consider.  That time has elapsed and Pereira has submitted no letter or brief.  After review of the record, we have confirmed that there are no arguable issues.  We affirm the judgment.

On June 17, 2012, Pereira committed second degree commercial burglary by breaking into lockers at a 24-Hour Fitness to steal purses and personal items.  Subsequently, on June 20, 2012, she committed forgery by signing the name of another while using that person's credit card.  She committed a long list of similar crimes.

---

[*]      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In an amended information, Pereira was charged in the Superior Court of Los Angeles County with 22 felony counts: nine counts of second degree commercial burglary in violation of Penal Code section 459 (counts 1, 2, 6, 7, 10, 11, 17, 21, 22);[1] six counts of forgery in violation of section 484f, subdivision (b) (counts 3, 4, 5, 16, 19, 20); six counts of identity theft in violation of section 530.5, subdivision (a) (counts 8, 9, 12, 13, 14, 18); and one count of attempted forgery in violation of sections 664 and 484f, subdivision (a) (count 15).

Pereira pleaded no contest to counts 1 and 3. As to those counts, she was convicted. The trial court suspended imposition of the sentence and placed Pereira on formal probation for three years. She was required, inter alia, to serve 180 days in jail and then report to the Salvation Army Bell Shelter for six months. In addition, she was ordered to pay various fines as well as victim restitution. The determination of victim restitution under section 1202.4, subdivision (f) was deferred to a restitution hearing. The trial court dismissed the remaining counts.

At the victim restitution hearing, Pereira was ordered to pay the following restitution amounts with respect to count 1: (1) $596.34 to Citibank; $1,363.83 to Nahal Gharakhani; and $1,855.00 to Madelyn Felipe. Pereira agreed to pay restitution on the counts that were dismissed.

On November 27, 2012, the trial court held a probation violation hearing. The evidence showed that Pereira had been discharged from a Salvation Army treatment facility. She told her probation officer, "I talked to a man too much and I was kicked out." The trial court found that Pereira violated her probation by failing to comply with the Salvation Army's rules, and reinstated probation. Pereira was ordered to reenroll in a six-month residential treatment program and provide proof of enrollment to her probation officer.

Pereira filed a timely notice of appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

We have examined the entire record and are satisfied that Pereira's appellate counsel has fully complied with her responsibilities and that no arguable issue exists. We conclude that Pereira has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order entered against her. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.